IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CLAYTON LAMONT VANN**                                                                                        **PLAINTIFF**
**ADC #108062**

v.                             Case No. 5:14-cv-00118-KGB-JTR

**CONNIE HUBBARD, APN**
**Varner Unit, ADC, et al.**                                                                                    **DEFENDANTS**

## ORDER

The Court has reviewed the Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 101) and the filed objections (Dkt. No. 102). After carefully considering these documents and making a *de novo* review of the record in this case, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address plaintiff Clayton Lamont Vann's objections, particularly his objections to Judge Ray's recommendation to dismiss his claim that defendants did not adequately treat his pain during the relevant time period, from April 3, 2013, to August 6, 2013 (Dkt. No. 102). Mr. Vann asserts that "[t]he Court is looking over the fact that plaintiff was never prescribe[d] any pain medication by [defendants Connie Hubbard or Dr. Ojiuga Iko]" (*Id.* at 1). On June 17, 2013, Dr. Iko examined Mr. Vann for a complaint relating to his hernia (Dkt. No. 91-2, at 1). Mr. Vann complained of pain at that time (*Id.* at 2), but it is unclear whether Dr. Iko then prescribed him pain medication. Mr. Vann admits Dr. Iko did prescribe him pain medication at some point (Dkt. No. 71, at 1). Regardless, evidence suggests that Mr. Vann did receive some type of pain medication during the relevant time period (Dkt. Nos. 91, at 5, 102, at 31). Further, as Judge Ray stated, nothing in the medical record suggests that Mr.

Vann complained during the relevant time period of the lack of pain medication to the nurses during the daily segregation rounds or during visits to the infirmary. On August 6, 2013, when Mr. Vann did complain according to the medical record, a nurse examined Mr. Vann and prescribed him Tylenol for three days.

Mr. Vann cites *Gonzalez v. Feinerman*, 663 F.3d 311 (7th Cir. 2011). This case is distinguishable from *Gonzalez* in that this Court is ruling on the record presented at the summary judgment stage, not ruling at the motion to dismiss stage like *Gonzalez*. Further, here defendants determined that Mr. Vann's hernia was easily reducible, and there is no record that Mr. Vann's hernia had been worsening for two years, as was the case in *Gonzalez*. *Id.* at 314. Dr. Iko during examination in the relevant period found that Mr. Vann was still able to perform his daily activities, was not in any distress, and was ambulating without any difficulties, though Dr. Iko advised him to avoid activities increasing intra-abdominal pressure, such as sit-ups and lifting heavy objects (Dkt. No. 91-1, at 4). Moreover, there is no evidence in the record that the conservative treatment prescribed for Mr. Vann by defendant medical providers during the relevant period had any adverse effects on Mr. Vann's prognosis or was not consistent with sound medical practices.

It is therefore ordered that:

1. Mr. Vann's motion for summary judgment is denied (Dkt. No. 69).

2. Defendants' motion for summary judgment is granted (Dkt. No. 90).

3. Mr. Vann's 42 U.S.C. § 1983 claims are dismissed with prejudice and his pendent state medical malpractice claim is dismissed without prejudice.

4. It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

SO ORDERED this the 30th day of July, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE